

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-47,593-03

### EX PARTE RANDAL FRANKLIN CARAWAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 19072C IN THE 91ST DISTRICT COURT FROM EASTLAND COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. During the punishment phase, the parties stipulated that Applicant had acted under the influence of sudden passion arising from adequate cause, resulting in a reduction of the degree of offense from first degree to second degree murder. Because Applicant's punishment was enhanced using prior convictions, the ninety-nine year sentence assessed by the jury was within the applicable punishment range for the offense. The Eleventh Court of Appeals affirmed Applicant's conviction. *Caraway v. State*, No. 11-96-00189-CR (Tex. App. — Eastland December 17, 1998) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant

also filed an amended application, which was also forwarded to this Court.

In both the initial and amended applications, Applicant contends that he received ineffective assistance of trial counsel and entered an involuntary "plea" regarding the sudden passion issue. In his amended application, Applicant also alleges that the trial judge who presided over his case did not have an oath of office on file at the time of Applicant's trial. Those claims are barred by Article 11.07 §4, and are dismissed.

Applicant also alleges that he is being denied due process by the retroactive application of Texas Government Code § 508.149(a) to deny him eligibility for release to mandatory supervision. Applicant alleges that he only became aware of this issue recently when he submitted claims to the time credit resolution system of the Texas Department of Criminal Justice and received responses from that office indicating that this conviction makes him ineligible for mandatory supervision pursuant to Section 508.149(a). In support of this claim, Applicant submits documents from TDCJ advising him that he is not eligible for mandatory supervision pursuant to Section 508.149 because of the nature of his offense.

On March 17, 2021, this Court remanded this matter to the trial court to obtain affidavits and findings addressing whether Applicant is considered eligible for mandatory supervision, and if not, why not. This Court's remand order also requested a response and findings of fact as to whether Applicant was classified as ineligible for mandatory supervision at the time he filed his previous habeas applications, and as to whether Applicant could have raised this claim in those previous applications.

On June 14, 2021, this Court received the supplemental record in response to its remand order. The supplemental record includes an affidavit from TDCJ, which states that Applicant is

currently classified as eligible for mandatory supervision, and has a projected mandatory supervision release date of October 12, 2035.

After remand, the trial court has entered general findings of fact and conclusions of law, recommending that relief be denied. Neither the affidavit from TDCJ nor the trial court's findings of fact address the issue of whether Applicant was previously classified as ineligible for mandatory supervision as the documents submitted by Applicant in support of his claim suggest, or whether this claim could have been raised in a previous habeas application. In the absence of the requested findings on this matter, this Court will assume that the claim was not available at the time Applicant filed his previous applications, and therefore is not barred by Section 4. However, the affidavit from TDCJ indicates that Applicant is properly classified as eligible for mandatory supervision. Applicant's ground alleging improper classification is without merit, and is denied.


Filed: August 25, 2021
Do not publish